UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-287-RJC

| | |
|---|---|
| KEVIN LEE MCCLAIN, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| ALVIN W. KELLER, JR., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1).

I. **BACKGROUND**

Pro se Petitioner is a prisoner of the State of North Carolina who, on or about September 29, 2011, in Mecklenburg County Superior Court, was convicted of first-degree burglary and second-degree murder. Petitioner was sentenced to 15 to 18 years in prison. Petitioner did not appeal.

On or about March 15, 2012, Petitioner filed a pro se motion for appropriate relief ("MAR") in Mecklenburg County Superior Court. See (Doc. No. 1 at 3). The MAR Court denied the MAR on or about April 2, 2012. (Id.). On April 11, 2012, Petitioner filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals, which petition the Court of Appeals denied on April 16, 2012.

On or around May 8, 2012,[1] Petitioner filed the instant Section 2254 petition, alleging the

---

[1] Petitioner placed the instant petition in the prison mailing system on April 23, 2012. See (Doc. No. 1 at 14). Petitioner initially filed the petition in the Eastern District of North Carolina but by

1

sole, following ground for relief: "Petitioner's imprisonment was wrongfully obtained by way of the Criminal Act of Denationalization in Violation of 18 U.S.C. 241-242. Petitioner in propria sui juris is a Moorish American National who was unconscionably identified as a black male of African descent at the time of his birth while being under the color of law, which deprived him of his rights, privileges, and immunities; an act wrongfully committed by the State of North Carolina. (Petitioner contends that the state courts never had jurisdiction to try him in his proper person.)" (Doc. No. 1 at 5).

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III.    DISCUSSION

Here, in his sole ground for relief, Petitioner contends that the state court did not have jurisdiction to convict him because he is a Moorish American National. Petitioner asserts in the petition that he raised this claim in his MAR filed in Mecklenburg County Superior Court, which MAR was denied on about April 2, 2012. Petitioner has not attached the MAR Court's Order denying the MAR. Nevertheless, as Petitioner's claim is wholly frivolous, it follows that the state court's adjudication of Petitioner's claim was neither contrary to nor an unreasonable application of U.S. Supreme Court law. Courts have repeatedly rejected as "patently frivolous"

---

Order dated May 4, 2012, that court transferred the petition to this Court. See (Doc. No. 1-1).

arguments such as Petitioner's, and there is simply no U.S. Supreme Court law establishing that a person's identity as a Moorish American National insulates him from the laws of the United States or of the individual states. See United States v. Burris, 231 F. App'x 281, 282 (4th Cir. 2007) (on the defendant's direct appeal from his federal conviction, describing as "patently frivolous" the defendant's claim that "the court lacked jurisdiction because of his status as a Moorish American National"); El v. Perdue, No. 1:12cv405, 2012 WL 4462246, at *2 n.3 (M.D.N.C. Apr. 23, 2012) (noting that "simply claiming to be a 'Moor' or a member of the 'Moorish American Nation' or similar groups will not defeat his state court convictions"); Allah El v. Dist. Attorney for Bronx Cnty., No. 09 Civ. 8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence."). Therefore, the Court will dismiss the petition.[2]

### IV.     CONCLUSION

In sum, for the reasons stated herein, Petitioner's Section 2254 petition is dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2254 petition, (Doc. No. 1), is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322,

---

[2] Even if Petitioner has not exhausted his state court remedies, this Court may still deny the petition on the merits. See 28 U.S.C. § 2254(b)(2). The Court further notes that Petitioner has neither paid the $5.00 filing fee, nor has he submitted an in forma pauperis application to the Court, and the petition is subject to dismissal on this alternative basis.

336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 3, 2013

Robert J. Conrad, Jr.
United States District Judge